Filing # 102580523 E-Filed 01/31/2020 03:23:18 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Ismalis Mendoza</u>
Plaintiff

vs.

<u>South Beach Tristar LLC</u>
Defendant

---

II.  **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>500,000</u>

III. **TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

Composite Exhibit A
DE 01

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.    **REMEDIES SOUGHT** (check all that apply):
      ☒  Monetary;
      ☒  Non-monetary declaratory or injunctive relief;
      ☒  Punitive

V.    **NUMBER OF CAUSES OF ACTION:**
      (Specify)

      4

VI.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐  Yes
      ☒  No

VII.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒  No
      ☐  Yes – If "yes" list all related cases by name, case number and court:

VIII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒  Yes
      ☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  s/ Jason D Berkowitz
          Attorney or party
FL Bar No.:  55414
      (Bar number, if attorney)
      Jason D Berkowitz
      (Type or print name)
Date:  01/31/2020

Composite Exhibit A
DE 01

Filing # 102580523 E-Filed 01/31/2020 03:23:18 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. _____

ISMALIS MENDOZA,

      Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC., a Foreign
Profit Corporation; and
SOUTH BEACH TRISTAR, LLC, a Florida Limited
Liability Company;

      Defendants.

_____/

## COMPLAINT

    Plaintiff, Ismalis Mendoza ("Plaintiff"), sues Defendants, Marriott International, Inc.

("Marriott"), and South Beach TriStar, LLC ("TriStar") (collectively referred to as "Defendants"),

and alleges as follows.

### PRELIMINARY STATEMENT

    Plaintiff, who worked for Defendants at the W South Beach, suffered a debilitating

disability and was discriminated against and ridiculed because of it.  Plaintiff was taunted and

teased by representatives of TriStar who referred to Plaintiff as "crippled" and "handicapped."

These same representatives also made offensive comments such as, "this is why you should not

get someone who cannot handle the job physically . . . I was watching you limp and I cannot even

look at you" and "how long are you going to be handicapped this time?"  Plaintiff reported to

Defendants the harassment and hostile work environment to which she was subjected, but nothing

was done. In fact, the harassment and ridicule escalated to a point where Plaintiff had no choice but to resign.

In addition, Plaintiff performed non-exempt duties during her employment but was never compensated time a one-half for all hours worked over 40 in a workweek. Plaintiff brings this action to recover damages because of Defendants' cruel and unlawful conduct.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is an individual over the age of 18 and is otherwise *sui juris*.

2.      During the relevant period, Plaintiff was a resident of Miami-Dade County, Florida.

3.      During the relevant period, Plaintiff worked at the W South Beach located at 2201 Collins Avenue, Miami Beach, Florida 33139, which is/was located in Miami-Dade County, Florida (the "W Hotel"). Marriott managed the operations at the W Hotel.

4.      During the relevant period, the W Hotel was owned, at least in part, by TriStar. Representatives of TriStar, Emily Sherman and Brandon Cauff, were regularly onsite at the W Hotel, were involved in the day-to-day operations at the W Hotel, and directed the work of Marriott employees such as Plaintiff.

5.      During the relevant period, TriStar maintained an office at the W Hotel.

6.      During the relevant period, Ms. Sherman worked at the W Hotel as the Director of Hotel Rental Program in Miami-Dade County, Florida.

7.      During the relevant period, Mr. Cauff worked at the W Hotel as the Managing Director in Miami-Dade County, Florida.

8.      Marriott and TriStar were joint employers of Plaintiff because, among other reasons, they both directed and reviewed Plaintiff's work, controlled Plaintiff's work assignments,

2

modified and set Plaintiff's employment terms and conditions, co-determined the essential terms and conditions of Plaintiff's employment, and set Plaintiff's work schedule.

9.     At all relevant times, Defendants engaged in interstate commerce and each had annual gross revenue in excess of $500,000.

10.     At all relevant times, Defendants employed two or more individuals that customarily and regularly sold and/or marketed and/or distributed their services and/or goods and/or services to customers throughout the United States and also provided their services for goods sold and transported across state lines of numerous other states.

11.     Also, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside the state of Florida, and otherwise regularly engaged in interstate commerce.

12.     At all relevant times, Defendants accepted checks, wire transfers, and other forms of payments that were made or processed outside the State of Florida.

13.     Defendants were both "employers" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act ("FLSA").

14.     During all relevant times, Defendants were each an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

15.     Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the FLSA, and was an employee of both Defendants.

16.     At all relevant times, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants and was not paid overtime wages at the rate of time and one-half for all hours worked in excess of 40 hours in each workweek.

3

17. This is an action by Plaintiff for damages exceeding $30,000, excluding attorneys' fees or costs.

18. This Court has jurisdiction over Plaintiff's claims as all of the events leading to the filing of this Complaint took place in Miami-Dade County, Florida.

19. Venue is proper in Miami-Dade County because all of the actions which form the basis of this Complaint occurred within Miami-Dade County, Florida.

20. At all relevant times, Plaintiff was an employee within the purview of the Florida Civil Rights Act ("FCRA").

21. At all relevant times, Defendants were joint employers within the purview of the FCRA and were both subject to the FCRA.

22. At all relevant times, Defendants were joint employers within the purview of the FLSA and both subject to the FLSA.

### PLAINTIFF HAS EXHAUSTED ADMINISTRATIVE REMEDIES

23. Plaintiff was constructively discharged by Defendants on or about January 11, 2019.

24. On February 19, 2019, Plaintiff filed timely a Charge of Discrimination (the "Charge") with the U.S. Equal Employment Opportunity Commission (the "EEOC"), and dual-filed the Charge with the Florida Commission on Human Relations (the "FCHR"). *See* Charge at Exhibit A.

25. On or about July 21, 2019, Plaintiff filed an Amended Charge of Discrimination (the "Amended Charge") with the EEOC and dual-filed the Amended Charge with the FCHR alleging, among other things, disability discrimination, hostile work environment, and retaliation. *See* Amended Charge at Exhibit B.

4

26.     The FCHR failed to conciliate or determine whether there was reasonable cause on the Charge or Amended Charge within 180 days of Plaintiff filing the Charge or Amended Charge. Therefore, pursuant to Fla. Stat. § 760.11(8), Plaintiff is entitled to file this civil action in court.

27.     Claims under the FLSA do not have prerequisites or preconditions to filing a lawsuit.

28.     Plaintiff has met all prerequisites and preconditions to filing this lawsuit.

## FACTUAL ALLEGATIONS

29.     Plaintiff was hired on or about December 26, 2017 to work at the W Hotel as a Marketing Manager. Plaintiff remained employed until she was constructively discharged on or about January 11, 2019.

30.     Throughout Plaintiff's employment at the W Hotel, she suffered a debilitating medical condition involving her ankle which impacted, among other things, her ability to walk, work, or to stand for long periods of time.

31.     This medical condition required Plaintiff to undergo multiple surgeries during her employment at the W Hotel. Because of Plaintiff's condition and surgeries, her medical provider imposed several restrictions of varying durations. Plaintiff timely presented notes from her medical provider to Defendants each time explaining her situation and what was medically required.

32.     Soon after being hired, the discrimination and harassment began because of Plaintiff's disability or perceived disability.

33.     For example, on February 15, 2018, Mr. Cauff and Ms. Sherman mocked and ridiculed Plaintiff for being disabled and took pictures of her sitting down.

5

34.     On this particular occasion, Plaintiff was sitting down at the direction of a supervisor, C. Dean Peters (Director of Sales and Marketing for Marriott), because of the pain she was experiencing.

35.     Mr. Cauff circulated the picture via text message to the General Manager at the W Hotel, Rick Ueno, who shared the picture with Mr. Peters.

36.     Mr. Peters informed Plaintiff that the picture had "gone around" and showed Plaintiff the text messages.

37.     Mr. Ueno scolded Plaintiff for sitting down and instructed Plaintiff that she could not sit-down during events.

38.     Representatives of TriStar were also unhappy that Plaintiff had been sitting down during the February 15, 2018 event.

39.     Based on this incident and others, Ms. Sherman and Mr. Cauff decided that they were unwilling to accept Plaintiff's disability, particularly given the image they wanted to project for the W Hotel.

40.     Shortly thereafter, TriStar representatives spoke with Mr. Ueno about Plaintiff's employment status in light of the February 15 incident.

41.     After this meeting, Mr. Ueno instructed Plaintiff to begin looking for another job and implied that Plaintiff was not qualified for her job simply because she was disabled.

42.     Mr. Ueno required that Plaintiff provide regular updates on her job search, including the number of places she applied to and whether she was interviewed.

43.     Mr. Ueno constantly harassed Plaintiff about her job search and regularly demanded to know when she would be leaving the W Hotel.

6

44.     In addition to being discriminated and harassed by Mr. Ueno because of her disability, Mr. Cauff and Ms. Sherman also continued to mock and ridicule Plaintiff because of her disability.

45.     In March 2018, Plaintiff complained to Mr. Ueno, Katherine Saborit (Human Resources at the W Hotel), and Mr. Peters that she was being discriminated against because of her disability. Nothing was done to curb this unlawful behavior.

46.     In April 2018, Plaintiff needed to undergo another surgery on her ankle.

47.     Plaintiff missed a short amount of work because of the procedure and recovery period.

48.     On May 4, 2018, Plaintiff provided a note from her medical provider which contained several restrictions. For example, Plaintiff was prohibited from prolonged standing or walking, was required to continue wearing a boot and using a knee scooter, and had weight bearing restrictions.

49.     Upon returning to work, Plaintiff was taunted and teased by Mr. Cauff and Ms. Sherman because she had medical restrictions. For example, Ms. Sherman referred to Plaintiff as "crippled" and "handicapped."

50.     In July 2018, during Swim Week, Plaintiff was experiencing extreme discomfort in her ankle and was having difficulty walking. Ms. Sherman was furious with Plaintiff because of her condition and said to Plaintiff, "this is why you should not get someone who cannot handle the job physically. For the love of god, please sit down. I was watching you limp and I cannot even look at you."

51.     Additionally, during the Summer of 2018, Ms. Sherman sent emails to the agencies that Plaintiff was working with and falsely criticized Plaintiff and directed the agency

7

representatives to not communicate with Plaintiff.

52. In August 2018, Plaintiff again complained to Ms. Saborit in Human Resources.

53. Despite Plaintiff's complaints, the ridicule and excessive scrutiny did not cease. In fact, the criticism and scrutiny only intensified.

54. Therefore, in October 2018, Plaintiff complained to Sean Roche who was the Area Director and worked as Associate Relations for Marriott.

55. Plaintiff complained about, among other things, being discriminated against because of her disability and advised Marriott that Ms. Sherman asked her, "how long are you going to be handicapped this time?"

56. In response, Mr. Roche claimed that he conducted an investigation. However, it was apparent that the purported investigation was a sham.

57. Although Mr. Roche confirmed that what was occurring violated Marriott's policies and indicated that Mr. Ueno would be disciplined, ultimately, no remedial measures were taken.

58. In retaliation for her complaints, Plaintiff's immediate supervisor, Mr. Peters, continued to excessively criticize her work and demand that Plaintiff respond to emails in the late evening and early morning hours.

59. Mr. Peters even issued Plaintiff a pretextual write-up while she was recovering from a surgery for not completing a task which was not her responsibility.

60. Plaintiff reached out again to Mr. Roche to complain about the harassment and discrimination to which she was being subjected.

61. Mr. Roche held a meeting to purportedly address the discrimination and harassment.

8

62. After the meeting, the write-up was removed from Plaintiff's file because it was clearly false.

63. However, despite Plaintiff's numerous complaints, the mistreatment continued and the hostile work environment remained.

64. For example, Mr. Ueno berated Plaintiff during meetings and regularly reminded her that the "ownership team" (meaning, TriStar) wanted her removed from the W Hotel.

65. Additionally, Ms. Sherman and Mr. Cauff demanded that Plaintiff copy them on work emails.

66. Ms. Sherman and Mr. Cauff also insisted that they participate in the interviews for a vacant marketing coordinator position as Plaintiff did not have the authority to make the hiring decision.

67. Moreover, Plaintiff was mocked because her medical provider mandated that she work from home for a period of time.

68. In October 2018, Plaintiff provided another note from her medical provider which contained medical restrictions.

69. Shortly thereafter, Ms. Sherman mandated that Plaintiff do something that Plaintiff reasonably believed violated Marriott's policies and also federal law. Plaintiff sent an email to her supervisors complaining in good-faith that Ms. Sherman's requests were inappropriate.

70. The harassment, discrimination, and mistreatment by Defendants continued unabated and so in late November 2018, Plaintiff submitted a complaint to Marriott's Business Ethics hotline about being discriminated and retaliated against and being subjected to a hostile work environment.

71. Also, Plaintiff sent emails to, and spoke with, Marriott's Human Resources on

9

Composite Exhibit A
DE 02

several additional occasions (for example, December 10 and 11, 2018, and January 11, 2019) about issues she was having in the workplace. Nothing was done to fix the problems.

72.     The work environment was so intolerable and unbearable that Plaintiff had no choice but to resign.

73.     A reasonable person in Plaintiff's position and circumstances would have had no choice but to resign.

74.     Therefore, on January 2, 2019, Plaintiff submitted a letter of resignation and indicated that her last day would be January 11, 2019.

75.     Fearful that she would be subjected to additional retaliation, or further impugned and attacked professionally by Defendants, Plaintiff simply thanked her employers for the opportunity to work at the W Hotel and refrained from making additional complaints or reiterating her complaints about the discriminatory treatment she experienced in the workplace.

76.     Because of Defendants' unlawful conduct, Plaintiff has required the assistance of a mental health care provider to cope with the depression, stress, and anxiety that she endured and continues to endure as a result of her employment with Defendants.

**Plaintiff was not Paid Time and One Half for all Hours Worked Over 40 in a Workweek**

77.     Additionally, during Plaintiff's employment, she did not receive time and one half of her regular rate for all hours worked in excess of 40 hours in a workweek.

78.     While Defendants classified Plaintiff as an exempt employee under the FLSA, she performed exclusively non-exempt work.

79.     During Plaintiff's employment, she only performed non-exempt duties under the close supervision of Defendants. She was also customarily and regularly forced to work in excess of 50 hours per workweek and sometimes, in excess of 60 hours per workweek, in order to, among

10

other things, attend events at the hotel on nights and weekends and respond to emails from her supervisors and clients in the evening and early morning hours.

80.   Plaintiff did not have the ability to hire or fire anyone (nor did she hire or fire anyone), and she did not regularly and customarily direct the work of any employees, much less two or more full-time workers.

81.   Plaintiff was only given tasks that consisted of regular, recurrent, and routine work that did not involve her exercising independent judgment and discretion on matters of significance.

82.   Plaintiff's primary duties were not management or administrative.

83.   Plaintiff did not have any authority to set and adjust the rates of pay and hours of work for any employee.

84.   Plaintiff had no authority to direct the work of employees.

85.   During her employment with Defendants, Plaintiff never evaluated other employees' performance for the purpose of recommending promotions or other changes in status.

86.   Also, Plaintiff never disciplined employees, nor did she have the power or authority to do that.

87.   Therefore, Defendants misclassified Plaintiff as an exempt employee in order to avoid the overtime requirements mandated by the FLSA.

88.   In the course of employment with Defendants, Plaintiff worked the number of hours Defendants required of her, but was not paid time and one half for all hours worked in excess of 40 during a workweek.

89.   Defendants do not have accurate records of hours worked because Defendants kept no records of the hours worked by Plaintiff.

90.   Defendants' FLSA violations were willful and intentional.

11

91.     Plaintiff has hired the undersigned legal counsel to prosecute this action on her behalf and has agreed to pay a reasonable fee for legal services.

## COUNT I
### DISABILITY DISCRIMINATION AGAINST DEFENDANTS IN VIOLATION OF THE FCRA

92.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 8, 17-21, and 23-76 above as though fully recited herein.

93.     Plaintiff was disabled or was perceived as disabled and therefore was a member of a protected class under the FCRA because of her disability.

94.     Defendants intentionally discriminated against Plaintiff because of Plaintiff's actual or perceived disability as set forth herein by, for example, mocking Plaintiff, issuing a pretextual write-up, and constructively discharging her employment.

95.     Defendants' conduct was willful and in disregard of Plaintiff's protected rights.

96.     Defendants were aware that discrimination based on Plaintiff's disability was unlawful but acted in reckless disregard of the law.

97.     As a result of Defendants' actions as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered extreme emotional distress and damage.

98.     The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to take prompt remedial action to prevent discrimination against the Plaintiff, deprived Plaintiff of statutory rights under the law.

99.     The actions of Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of economic, compensatory, and punitive damages.

12

100.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory actions.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.   Adjudge and decree that Defendants violated the FCRA, and did so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.   Award Plaintiff back pay;

C.   Require Defendants to reinstate Plaintiff to the same position at the same rate of pay and with the same benefits that Plaintiff would have had had Plaintiff not been discriminated against by Defendants or in lieu of reinstatement, award front pay;

D.   Award Plaintiff compensatory damages;

E.   Award Plaintiff punitive damages;

F.   Award Plaintiff her attorneys' fees and costs;

G.   Award Plaintiff all recoverable interest; and

H.   Award any other relief that this Court deems just and proper.

### COUNT II
### HOSTILE WORK ENVIRONMENT AGAINST DEFENDANTS
### IN VIOLATION OF THE FCRA

101.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 8, 17-21, and 23-76 above as though fully recited herein.

102.   Plaintiff was disabled or was perceived as disabled and therefore was a member of a protected class under the FCRA because of her disability.

103.   Plaintiff was subjected to unwelcome harassment and ridicule by Defendants because of her disability as set forth herein.

104.   Defendants' conduct was severe and pervasive.  This conduct detrimentally

13

affected Plaintiff. Defendants' conduct would have detrimentally affected a reasonable person with a disability, or who was perceived as disabled, in Plaintiff's position.

105.    The harassment to which Plaintiff was subjected by Defendants was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

106.    The harassment and ridicule to which Plaintiff was subjected by Defendants affected Plaintiff's terms and conditions of employment as she was, among other things, constantly pressured by Defendants to find a new job and constructively discharged.

107.    Defendants knew or should have known of the harassment as Plaintiff reported it several times.

108.    Despite Plaintiff's complaints, Defendants did not take prompt and appropriate remedial actions.

109.    As a result of Defendants' actions as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered extreme emotional distress and damage.

110.    The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to take prompt remedial action to prevent discrimination against the Plaintiff, deprived Plaintiff of statutory rights under the law.

111.    The actions of Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of economic, compensatory, and punitive damages.

112.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory actions.

Composite Exhibit A
DE 02

**WHEREFORE**, Plaintiff respectfully requests that the Court:

    A.    Adjudge and decree that Defendants violated the FCRA, and did so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B.    Award Plaintiff back pay;

    C.    Require Defendants to reinstate Plaintiff to the same position at the same rate of pay and with the same benefits that Plaintiff would have had had Plaintiff not been subjected to a hostile work environment by Defendants, or in lieu of reinstatement, award front pay;

    D.    Award Plaintiff compensatory damages;

    E.    Award Plaintiff punitive damages;

    F.    Award Plaintiff her attorneys' fees and costs;

    G.    Award Plaintiff all recoverable interest; and

    H.    Award any other relief that this Court deems just and proper.

## COUNT III
### RETALIATION AGAINST DEFENDANTS
### IN VIOLATION OF THE FCRA

113.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 8, 17-21, and 23-76 above as though fully recited herein.

114.    Plaintiff was disabled or was perceived as disabled and therefore was a member of a protected class under the FCRA because of her disability.

115.    Defendants intentionally retaliated against Plaintiff for exercising rights protected under the FCRA, by, for example, constructively discharging her employment.

116.    Defendants' conduct was willful and in disregard of Plaintiff's protected rights.

117.    As a result of Defendants' actions as alleged herein, Plaintiff was deprived of rights, was exposed to ridicule and embarrassment, and suffered extreme emotional distress and damage.

Composite Exhibit A
DE 02

118.    The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to take prompt remedial action to prevent retaliation against the Plaintiff, deprived Plaintiff of statutory rights under the law.

119.    The actions of Defendants, and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of economic, compensatory, and punitive damages.

120.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory actions.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A.    Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Award Plaintiff back pay;

C.    Require Defendants to reinstate Plaintiff to the same position at the same rate of pay and with the same benefits that Plaintiff would have had had Plaintiff not been retaliated against by Defendants, or in lieu of reinstatement, award front pay;

D.    Award Plaintiff compensatory damages;

E.    Award Plaintiff punitive damages;

F.    Award Plaintiff her attorneys' fees and costs;

G.    Award Plaintiff all recoverable interest; and

H.    Award any other relief that this Court deems just and proper.

## COUNT IV
### OVERTIME VIOLATIONS AGAINST DEFENDANTS
### UNDER THE FLSA

121.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1

16

through 19, 22, 77-91 above as though fully recited herein.

122.   Plaintiff performed non-exempt duties and therefore, was entitled to be paid time and one half her regular rate for all hours worked in excess of 40 in each workweek.

123.   Plaintiff regularly worked in excess of 40 hours each workweek; however, Defendants failed to pay the overtime wage required by the FLSA.

124.   The FLSA requires that Defendants pay Plaintiff time and one half her regular rate for all hours worked in excess of 40 hours per workweek.

125.   At all relevant times, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 and 29 C.F.R. §§ 516 *et seq.* in that Plaintiff performed services and worked for Defendants in excess of 40 hours per workweek but no provision was made by Defendants to properly pay Plaintiff at the rate of time and one half her regular rate for all hours worked in excess of 40 hours per workweek.

126.   Defendants have attempted to evade the requirements of the FLSA by misclassifying Plaintiff as an exempt employee when in fact, she was a non-exempt employee under the FLSA.

127.   Defendants knew or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and owe Plaintiff overtime wages.

128.   As such, Plaintiff is entitled to recover liquidated damages under the FLSA as a result of Defendants' intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A.   Adjudge and decree that Defendants violated the FLSA and did so willfully, intentionally, and with reckless disregard;

17

Composite Exhibit A
DE 02

B.      Award Plaintiff actual damages for unpaid overtime compensation;

C.      Award Plaintiff liquidated damages;

D.      Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

E.      Award Plaintiff all recoverable interest; and

F.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial of all issues so triable.

Dated: January 31, 2020

Respectfully submitted,

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506

By: /s/ Jason D. Berkowitz
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

18

# EXHIBIT A

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2019-01258 |

Florida Commission On Human Relations                    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Ismalis Mendoza | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1200 Brickell Bay Drive, Apartment 2606, Miami, FL 33131 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| W SOUTH BEACH | Unknown | (305) 938-3000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2201 Collins Avenue, Miami Beach, FL 33139 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-05-2018     Latest: 12-05-2018

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)).*

I was hired by Respondent as a Marketing Manager, December 26, 2017. I disclosed my disability at the time I was hired.

On February 15, 2018, the ownership team began to take pictures of me because I was sitting down during an event, sitting down for brief moments was needed as an accommodation for my disability. Following this incident, my supervisor began to yell at me and insisted that I find another job. He required me to give him updates on my search. Slowly, they started removing duties from me, making it impossible to do my job. I was harassed and called names (i.e. cripple). I was also sent mocking e-mails because I was working from home while recovering from surgery. Further, I was getting written up for things that were not my responsibility. I made a complaint regarding the hostile work environment, yet nothing was done to stop it. The harassment became so much, that on Jan 11, 2019, I was forced to resign and seek employment elsewhere.

I believe that I have been discriminated against based on my disability in violation of The Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Feb 19, 2019 _____<br>Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT B

EEOC Form 5 (11/09)

## Amended CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | |
| [X] EEOC | |

**U.S. Equal Employment Opportunity Commission**
**Florida Commission on Human Relations**
**Miami-Dade County Commission on Human Rights**
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Ismalis Mendoza | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1200 Brickell Bay Dr., Apt. 2606 | Miami, FL 33131 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Marriott International Inc. (W Hotel on Miami Beach) | 15+ | 305-938-3000 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 2201 Collins Ave. | Miami Beach, FL 33139 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| South Beach TriStar LLC | 15+ | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 590 Madison Ave., 21st Floor | New York, NY 10022 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [X] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                         Latest
See below

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was discriminated against by my employers, Marriott International Inc. ("Marriott") and South Beach TriStar LLC (TriStar) (collectively referred to herein as the "Employer") based on my race, national origin, and also retaliated against because of my protected activity. Marriott and TriStar operate as joint employers and/or a single employer.

I am Hispanic, from Puerto Rico, and also suffer from a physical impairment that substantially limits several major life activities, such as walking and standing. I began working at the W Hotel on Miami Beach on or about December 26, 2017 and remained employed until on or about January 11, 2019, when I was compelled to resign because my work environment was toxic, intolerable, and filled with discriminatory animus. I was employed as the Marketing Manager at the W South Beach.

At the time I was hired, I disclosed my disability. Soon after being hired, the discrimination and harassment because of my disability began. For example, on February 15, 2018, the management team of TriStar, Brandon Cauff and Emily Sherman, began mocking me for being disabled by, among other things, taking pictures of me sitting down because of the pain I was experiencing. On this particular occasion, I was sitting down at the direction of my immediate supervisor, C. Dean Peters (Director of Sales and Marketing for Marriott). Mr. Cauff circulated the picture via text message to Marriott's Hotel General Manager, Rick Ueno, who shared the picture with Mr. Peters, who then told me that the picture had "gone around." Following this incident, Mr. Ueno, yelled at me and said that I could not sit-down during events. After this incident, Mr. Ueno insisted that I find another job, and implied that I was not qualified for the job simply because I was disabled. Mr. Ueno made me provide regular updates on my job search, including the number of places I applied to and whether I was interviewed.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements  Arlington, VA |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

ASIM PAHARI
NOTARY PUBLIC
Commonwealth of Virginia
Expires 02/28/2023
ID #: 7847016

| Date | Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*  7/2/2019 |
|---|---|---|
| 7/3/19 | | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | |

**U.S. Equal Employment Opportunity Commission**
**Florida Commission on Human Relations**
**Miami-Dade County Commission on Human Rights**

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet)*

In March 2018, I complained to Mr. Ueno, Katherine Saborit (Human Resources at the Hotel), and Mr. Peters about the incident and stated that I was being discriminated against because of my disability. In April 2018, I needed to undergo surgery on my ankle. I missed a short amount of work and on May 4, 2018, I provided a note from my medical provider which contained restrictions. I was taunted and teased by Mr. Cauff and Ms. Sherman because I had restrictions. For example, Ms. Sherman called me names like "crippled" and "handicapped." In July 2018, during Swim Week, Ms. Sherman said to me, "this is why you should not get someone who cannot handle the job physically. For the love of god, please sit down. I was watching you limp and I cannot even look at you." Additionally, in retaliation for my complaints, Ms. Sherman sent emails to the agencies that I was working with, falsely criticized me which hurt my professional reputation, and directed the agency representatives to not communicate with.

In August 2018, I again complained to Ms. Saborit. The ridicule and excessive scrutiny did not improve. Therefore, in October 2018, I complained to Sean Roche who was the Area Director and worked as Associate Relations for Marriott. I complained about, among other things, being discriminated against. Mr. Roche claimed he conducted an investigation. He confirmed that what was occurring violated Marriott's policies and indicated that Mr. Ueno would be disciplined.

In retaliation for my complaints, my immediate supervisor then began criticizing my work, required me to respond to emails during the late evening hours, and even issued me a pretextual write-up for something that was not my responsibility. I reached out again to Mr. Roche who held a meeting to address the discrimination. While the write-up was removed from my file, the mistreatment continued and the hostile work environment remained.

In October 2018, I provided another note from my medical provider which contained different restrictions. The next day, Ms. Sherman mandated that I do something that violated Marriott's policies and also federal regulations. I sent an email to my supervisors complaining about the unlawful request.

In late November 2018, I submitted a complaint to the Marriott Business Ethics and complained about being discriminated and retaliated against. I sent emails to, and spoke with, Marriott's human resources on several additional occasions (e.g., December 10 and 11, 2018; January 11, 2019) about problems in the workplace. Nothing was done to fix the problems.

To make matters worse, I was also discriminated against because of my race and national origin. I was in the process of hiring a coordinator who would report to me. The individual that was most qualified and who I recommended (who happened to be Hispanic), was rejected because he had an accent. Mr. Cauff said to me, "we already have one of you." I was deeply offended by the comment. Therefore, because of my race and national origin, I was treated differently and denied the resources I needed to do my job.

I have been discriminated and retaliated against in violation of the Americans With Disabilities Act, the Florida Civil Rights Act, Title VII of the Civil Rights Act of 1964, and local laws. Furthermore, this Amended Charge is timely filed because all allegations and facts herein grow out of, and relate to, the subject matter of my original Charge that I filed with the EEOC on or about February 19, 2019. *See* 29 CFR § 1601.12.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* Arlington, VA |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

7/2/19
Date

Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

7/2/19

ASIM PAHARI
NOTARY PUBLIC
Commonwealth of Virginia
Expires 02/28/2023
ID #: 7647016

Composite Exhibit A
DE 02

Filing # 102729864 E-Filed 02/04/2020 02:53:21 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. 2020-002389-CA-01

ISMALIS MENDOZA,

     Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC., a Foreign
Profit Corporation; and
SOUTH BEACH TRISTAR, LLC, a Florida Limited
Liability Company;

     Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition
in this action on Defendant:

South Beach Tristar LLC
c/o William S. Weisman – Registered Agent
140 N. Federal Highway, 2nd Floor
Boca Raton, Florida 33432
**IMPORTANT**

Each defendant is required to serve written defenses to the complaint or petition on **Anisley
Tarragona, Esq. at BT Law Group, PLLC, plaintiff's attorney, whose address is 3050
Biscayne Boulevard, Suite 205, Miami, Florida 33137**, within 20 days after service of this
summons on that defendant, exclusive of the day of service, and to file the original of the defenses
with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter.
If a defendant fails to do so, a default will be entered against that defendant for the relief demanded
in the complaint or petition.

     DATED on: _____

     CLERK OF THE CIRCUIT COURT
BY: _____
     As Deputy Clerk

1

Composite Exhibit A
DE 03

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.

2

Composite Exhibit A

DE 03

Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorneys

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

3

Composite Exhibit A

DE 03

Filing # 102730464 E-Filed 02/04/2020 02:56:55 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. 2020-002389-CA-01

ISMALIS MENDOZA,

  Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC., a Foreign
Profit Corporation; and
SOUTH BEACH TRISTAR, LLC, a Florida Limited
Liability Company;

  Defendants.
_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

  YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on Defendant:

    Marriott International, Inc.
    c/o CT Corporation System – Registered Agent
    1200 South Pine Island Road
    Plantation, Florida 33324
    **IMPORTANT**

Each defendant is required to serve written defenses to the complaint or petition on **Anisley Tarragona, Esq. at BT Law Group, PLLC, plaintiff's attorney, whose address is 3050 Biscayne Boulevard, Suite 205, Miami, Florida 33137,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

  DATED on: _____

    CLERK OF THE CIRCUIT COURT
  BY: _____
    As Deputy Clerk

1

Composite Exhibit A
DE 04

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.

2

Composite Exhibit A

DE 04

Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorneys

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

3

Composite Exhibit A
DE 04

lerk's Home (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (/PremierServices/accountmanager.aspx)

 

# Miami-Dade County Civil, Family and Probate Courts Online System

**◀◀ Back to Results**

**Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding** Access Security Matrix. (https://www.floridasupremecourt.org/content/download/241418/2133339/AOSC18-16.pdf)

## ISMALIS MENDOZA VS SOUTH BEACH TRISTAR LLC ET AL

**Local Case Number:** 2020-002389-CA-01

**Filing Date:** 01/31/2020

**State Case Number:** 132020CA002389000001

**Case Type:** Discrimination - Employment or Other

**Consolidated Case No.:** N/A

**Judicial Section:** CA15

**Case Status:** OPEN

---

**👥 Parties**                                        Number of Parties: 3 ━

Composite Exhibit A
DE 05 - DE 07

[Export to ▾]

| Party Description | Party Name | Attorney Information | Other Attorney (s) |
|---|---|---|---|
| Plaintiff | Mendoza, Ismalis | *B#: (Bar Number)*55414 *N: (Attorney Name)*Berkowitz, Jason Daniel | |
| Defendant | South Beach Tristar LLC | | |
| Defendant | MARRIOT INTERNATIONAL INC | | |

## ✦ Hearing Details

Number of Hearing: 0 ▬

No hearing information found

## ♫ Dockets

Dockets Retrieved: 12 ▬

[Export to ▾]

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 10 | 02/20/2020 | | Service Returned | Event | |
| | | 02/05/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 9 | 02/05/2020 | | ESummons 20 Day Issued | Event | *Parties: MARRIOT INTERNATIONAL INC* |
| | | 02/05/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 8 | 02/05/2020 | | ESummons 20 Day Issued | Event | *Parties: South Beach Tristar LLC* |

Composite Exhibit A
DE 05 - DE 07

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 7 | 02/05/2020 | | Receipt: | Event | RECEIPT#:3590254 AMT PAID:$10.00 NAME:BERKOWITZ, JASON DANIEL 2 S BISCAYNE BLVD STE 3500 MIAMI FL 33131-1802 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT: |
| 6 | 02/05/2020 | | Receipt: | Event | RECEIPT#:3590250 AMT PAID:$10.00 NAME:BERKOWITZ, JASON DANIEL 2 S BISCAYNE BLVD STE 3500 MIAMI FL 33131-1802 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT: |
| 5 | 02/05/2020 | | Receipt: | Event | RECEIPT#:3590025 AMT PAID:$401.00 NAME:BERKOWITZ, JASON DANIEL 2 S BISCAYNE BLVD STE 3500 MIAMI FL 33131-1802 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AM |
| 4 | 02/04/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |

Composite Exhibit A
DE 05 - DE 07

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 3 | 02/04/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 2 | 01/31/2020 | | Complaint | Event | |
| 📄 | 1 | 01/31/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ Back to Results

**Please be advised:**

The Miami-Dade Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office. This website does not provide legal advice of any kind. If you require legal advice, please consult a qualified attorney of your choosing.

Service through the Clerk's electronic access is not the official record of the Clerk. In order to assure the accuracy of the data or information, the Clerk's Office should be consulted regarding the Official Court Record.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this Link. (https://www8.miamidade.gov/global/disclaimer/disclaimer.page)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)

| Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Clerk's Home (http://www.miami-dadeclerk.com/home.asp)

| Privacy Statement (https://www8.miamidade.gov/global/disclaimer/privacy-and-security.page)

| Disclaimer (https://www8.miamidade.gov/global/disclaimer/disclaimer.page) (http://www.miamidade.gov)

| Contact Us (http://www.miami-dadeclerk.com/contact.asp)

| About Us (http://www.miami-dadeclerk.com/about.asp)

2015 Clerk of the Courts. All Rights reserved.

**Composite Exhibit A**

**DE 05 - DE 07**

Filing # 102729864 E-Filed 02/04/2020 02:53:21 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. 2020-002389-CA-01

ISMALIS MENDOZA,

      Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC., a Foreign
Profit Corporation; and
SOUTH BEACH TRISTAR, LLC, a Florida Limited
Liability Company;

      Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition
in this action on Defendant:

South Beach Tristar LLC
c/o William S. Weisman – Registered Agent
140 N. Federal Highway, 2nd Floor
Boca Raton, Florida 33432
**IMPORTANT**

Each defendant is required to serve written defenses to the complaint or petition on **Anisley Tarragona, Esq. at BT Law Group, PLLC, plaintiff's attorney, whose address is 3050 Biscayne Boulevard, Suite 205, Miami, Florida 33137**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on:   2/5/2020
        _____

CLERK OF THE CIRCUIT COURT

BY: _____
    As Deputy Clerk        Harvey Ruvin,
                         Clerk of Courts

1

Composite Exhibit A
DE 08

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.

2

Composite Exhibit A
DE 08

Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorneys

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

3

Composite Exhibit A
DE 08

Filing # 102730464 E-Filed 02/04/2020 02:56:55 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. 2020-002389-CA-01

ISMALIS MENDOZA,

     Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC., a Foreign
Profit Corporation; and
SOUTH BEACH TRISTAR, LLC, a Florida Limited
Liability Company;

     Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on Defendant:

Marriott International, Inc.
c/o CT Corporation System – Registered Agent
1200 South Pine Island Road
Plantation, Florida 33324
**IMPORTANT**

Each defendant is required to serve written defenses to the complaint or petition on **Anisley Tarragona, Esq. at BT Law Group, PLLC, plaintiff's attorney, whose address is 3050 Biscayne Boulevard, Suite 205, Miami, Florida 33137,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on:    2/5/2020

CLERK OF THE CIRCUIT COURT
BY: _____
As Deputy Clerk    279401

Composite Exhibit A
DE 09

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.

2

Composite Exhibit A

DE 09

Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorneys

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

3

Composite Exhibit A

DE 09

██████████████████████████████

Filing # 103624375 E-Filed 02/20/2020 12:21:48 PM

## **RETURN OF SERVICE**

State of Florida            County of Miami-Dade            Circuit Court

Case Number: 2020-002389-CA-01

Plaintiff:
**ISMALIS MENDOZA,**

vs.

Defendant:
**MARRIOTT INTERNATIONAL, INC., a Foreign Profit Corporation; and SOUTH BEACH
TRISTAR, LLC, a Florida Limited Liability Company;**

For:
Anisley Tarragona, Esq
BT LAW GROUP
3050 Biscayne Blvd
Suite 205
Miami, FL 33137

Received by DLE PROCESS SERVERS, INC. on the 18th day of February, 2020 at 10:32 am to be served on Marriott International,
**Inc. c/o CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.**

I, CHRIS YEOMAN, do hereby affirm that on the **18th day of February, 2020 at 3:55 pm, I:**

SERVED the within named corporation by delivering a true copy of the **Summons, Complaint and Exhibits** at the address of **1200
South Pine Island Road, Plantation, FL 33324** with the date and hour endorsed thereon by me to, **MONICA CREARY, INTAKE
SPECIALIST FOR RA** as an employee of the Registered Agent listed with the Florida Division of Corporation, pursuant to F.S. 48.081
(3)(a)

**Description of Person Served:** Age: 25, Sex: F, Race/Skin Color: BLACK, Height: 5'8, Weight: 130, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the
judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under
penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. to the best of my
knowledge and belief F.S. 92.525 Verification of documents.

CHRIS YEOMAN
SPS #282

**DLE PROCESS SERVERS, INC.**
**1750 Coral Way**
**Suite 300**
**Miami, FL 33145**
**(786) 220-9705**

Our Job Serial Number: DLE-2020007190

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

Composite Exhibit A

DE 10

Composite Exhibit A

DE 10

Composite Exhibit A
DE 10

E

Composite Exhibit A

DE 10

Filing # 104038051 E-Filed 02/27/2020 04:02:38 PM

## AFFIDAVIT OF SERVICE

State of Florida                    County of Miami-Dade                         Circuit Court

Case Number: 2020-002389-CA-01

Plaintiff:
ISMALIS MENDOZA,

vs.

Defendant:
MARRIOTT INTERNATIONAL, INC., a Foreign Profit Corporation; and SOUTH
BEACH TRISTAR, LLC, a Florida Limited Liability Company;

For:
Anisley Tarragona, Esq
BT LAW GROUP
3050 Biscayne Blvd
Suite 205
Miami, FL 33137

Received by Harry Kovalesky on the 18th day of February, 2020 at 10:47 am to be served on South Beach Tristar
Llc c/o William S. Welsman - R/A, 140 N. Federal Highway, 2nd Floor, Boca Raton, FL 33432.

I, Harry Kovalesky, being duly sworn, depose and say that on the 20th day of February, 2020 at 1:05 pm, I:

**CORPORATE REGISTERED AGENT:** served by delivering a true copy of the Summons, Complaint and Exhibits
with the date and hour of service endorsed thereon by me, to: William S. Welsman who is the Registered Agent for
South Beach Tristar Llc at the address of 140 N. Federal Highway, 2nd Floor, Boca Raton, FL 33432, and
informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute
48.081(3)(a) or other state statute as applicable.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of
America.

**Description of Person Served:** Age: 55, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 180, Hair: Balding,
Glasses: Y

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true. I am over
the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the
county in which service was effected in accordance with State Statutes.

STATE OF _Florida_
COUNTY OF _Palm Beach_
Sworn to (or affirmed) and subscribed before me this the
_25_ day of _February_ _2020_, by
_Harry Kovalesky_

_____
(Signature of Notary Public)
_Victorice Vasquez_
(Print, Type, or Stamp Commissioned Name of Notary
Public)

Personally Known ___ X ___ OR Produced
Identification _____
Type of Identification Produced _____

Harry Kovalesky
Process Server 1239

DLE Process Servers
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705

Our Job Serial Number: DLE-2020007191
Ref: DLE#2020007191

Victoria Estela Vasquez
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG079853
Expires 3/6/2021

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Composite Exhibit A

DE 11

Filing # 102729864 E-Filed 02/04/2020 02:53:21 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. 2020-002389-CA-01

ISMALIS MENDOZA,

     Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC., a Foreign
Profit Corporation; and
SOUTH BEACH TRISTAR, LLC, a Florida Limited
Liability Company;

     Defendants.

_____/

*2/20/20
1:05pm
William S.
weisman

HK#
234*

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition
in this action on Defendant:

     South Beach Tristar LLC
     c/o William S. Weisman – Registered Agent
     140 N. Federal Highway, 2nd Floor
     Boca Raton, Florida 33432
     **IMPORTANT**

Each defendant is required to serve written defenses to the complaint or petition on **Anisley
Tarragona, Esq. at BT Law Group, PLLC, plaintiff's attorney, whose address is 3050
Biscayne Boulevard, Suite 205, Miami, Florida 33137**, within 20 days after service of this
summons on that defendant, exclusive of the day of service, and to file the original of the defenses
with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter.
If a defendant fails to do so, a default will be entered against that defendant for the relief demanded
in the complaint or petition.

     DATED on: _____2/5/2020_____

         CLERK OF THE CIRCUIT COURT
     BY: _____
     As Deputy Clerk
               Harvey Ruvin,
               Clerk of Courts

1
Composite Exhibit A
DE 11

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.

Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorneys

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

Filing # 105109784 E-Filed 03/18/2020 04:31:54 PM

**IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA**

ISMALIS MENDOZA,

              Plaintiff,             CASE NO. 2020-002389-CA-01

    v.

MARRIOTT INTERNATIONAL, INC., a
Foreign Profit Corporation, and SOUTH
BEACH TRISTAR, LLC, a Florida limited
liability company,

              Defendants.

_____

## <u>DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that on March 18, 2020, Defendants Marriott

International, Inc. and South Beach Tristar, LLC filed a Notice of Removal in the United

States District Court for the Southern District of Florida, Miami Division, which was served

on Plaintiff's counsel by e-mail on March 18, 2020.  A copy of the Notice of Removal is

attached as Exhibit 1.

    Dated: March 18, 2020.

**[REST OF PAGE INTENTIONALLY LEFT BLANK]**

Composite Exhibit A

DE 12

Respectfully submitted,


By:/s/ *Dawn Siler-Nixon*

Dawn Siler-Nixon
Florida Bar No. 993360
E-mail:  taidman@fordharrison.com
Nicholas S. Andrews
Florida Bar No. 0105699
E-mail: nandrews@fordharrison.com
FORD & HARRISON LLP
101 E. Kennedy Blvd., Suite 900
Tampa, FL  33602
(813) 261-7800  Telephone
(813) 261-7899  Facsimile

Attorneys for Defendants
Marriott International, Inc. and South Beach
Tristar, LLC


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2020, I filed the foregoing using the Florida

Courts E-Filing Portal which will send a true and correct copy via e-mail to:

Anisley Tarragona, Esq.
anisley@btattorneys.com
Jason D. Berkowitz, Esq.
jason@btattorneys.com
BT Law Group, PLLC
3050 Biscayne Blvd., Suite 205
Miami, FL 33137

Attorney for Plaintiff Ismalis Mendoza


/s/ *Dawn Siler-Nixon*
Dawn Siler-Nixon


WSACTIVELLP:11358461.1

Composite Exhibit A
DE 12-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ISMALIS MENDOZA,

          Plaintiff,

    v.

MARRIOTT INTERNATIONAL, INC., a
Foreign Profit Corporation, and SOUTH
BEACH TRISTAR, LLC, a Florida limited
liability company,

          Defendants.

CASE NO. _____

L.C. Case No. 2020-002389-CA-01.

_____

## DEFENDANTS' NOTICE OF REMOVAL

    Defendants Marriott International, Inc. ("Marriott"), and South Beach Tristar, LLC

("Tristar")(collectively, "Defendants") by and through their undersigned counsel, and

pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), hereby remove this action from the Circuit

Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United

States District Court for the Southern District of Florida, Miami Division.  A short and plain

statement of the grounds for removal is as follows:

    1.      On February 4, 2020, Plaintiff filed this action against Defendants in the

Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case

No. 2020-002389-CA-01.

    2.      The Summons and Complaint were served on Defendant Marriott

International, Inc. on February 18, 2020.  Pursuant to 28 U.S.C. § 1446(b), this notice is filed

Composite Exhibit A
DE 12

timely within thirty (30) days after Defendant Marriott received Plaintiff's Summons and Complaint.

3.      Plaintiff's Complaint contains a claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims that Plaintiff was subjected to discrimination and a hostile work environment on the basis of her disability. Accordingly, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), this Court has original jurisdiction with respect to the FLSA claim because it is an action to recover damages or to secure equitable relief or any other relief under an Act of Congress. Furthermore, this Court has supplemental jurisdiction with respect to disability claims pursuant to 28 U.S.C. §§ 1441(c) and 1367(a), as such claims also arise from her purported employment with Defendants and from part of the same case or controversy as the FLSA claim.  Furthermore, Plaintiff has filed a charge of discrimination with the EEOC with respect to her disability claims, which is still pending before the Commission, and Plaintiff will in all likelihood move to amend her Complaint to bring additional claims under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.,* once a notice of right to sue is received from the Commission. Therefore, removal to this Court of the FLSA and disability claims is proper.

4.      The events alleged by Plaintiff giving rise to Plaintiff's FLSA and disability claims allegedly occurred in Miami-Dade County, Florida, which is within this Court's district.  (Complaint at ¶¶ 18-19.)  Accordingly, venue is proper in the Miami Division of the United States District Court, Southern District of Florida.

5.      Pursuant to 28 U.S.C. § 1446(a), Defendants have attached a copy of all process, pleadings, and orders served upon Defendants in this action.  (See attached Composite Exhibit A.)

6.      Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of this notice of removal to Plaintiff, the only adverse party.  In addition, Defendants have filed a copy of the notice of filing notice of removal with the clerk of the state court, which shall effect the removal. (See attached Exhibit B.)

Dated this 18th day of March, 2020.

Respectfully submitted,


By: /s/ *Dawn Siler-Nixon*
Dawn Siler-Nixon
Florida Bar No. 0993360
E-mail:  Dsiler-nixon@fordharrison.com
Nicholas S. Andrews
Florida Bar No. 0105699
E-mail: nandrews@fordharrison.com
FORD & HARRISON LLP
101 E. Kennedy Blvd., Suite 900
Tampa, FL  33602
(813) 261-7800  Telephone
(813) 261-7899  Facsimile

Attorneys for Defendants
Marriott International, Inc. and South Beach
Tristar, LLC

Composite Exhibit A
3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been sent via e-mail to:

Anisley Tarragona, Esq.
anisley@btattorneys.com
Jason D. Berkowitz, Esq.
jason@btattorneys.com
BT Law Group, PLLC
3050 Biscayne Blvd., Suite 205
Miami, FL 33137

Attorney for Plaintiff Ismalis Mendoza

/s/ *Dawn Siler-Nixon*
Dawn Siler-Nixon

WSACTIVELLP:11357958.1

Composite Exhibit A
4
DE 12