United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Ismalis Mendoza,  Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.  20-21198-Civ-Scola |
| Marriott International, Inc. and | ) | |
| South Beach Tristar, LLC, | | |
| Defendants. | | |

### Order Remanding Counts One, Two, and Three

Now before the Court is the Plaintiff Ismalis Mendoza's motion to remand, seeking the remand of the Florida Civil Rights Act counts to state court. For the reasons set forth below, the Court **grants** Mendoza's motion to remand counts one, two, and three (**ECF No. 4**).

### 1. Introduction

Mendoza filed suit against the Defendants Marriott International, Inc. ("Marriott") and South Beach Tristar, LLC ("SB Tristar") for one count of unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and three counts of discrimination, hostile work environment, and retaliation under the Florida Civil Rights Act ("FCRA"). The Complaint asserts that "Marriott and TriStar were joint employers of Plaintiff because, among other reasons, they both directed and reviewed Plaintiff's work, controlled Plaintiff's work assignments, modified and set Plaintiff's employment terms and conditions, co-determined the essential terms and conditions of Plaintiff's employment, and set Plaintiff's work schedule." (ECF No. 1-2 at ¶ 8.) Marriott is a Delaware company with its principal place of business in Maryland. Mendoza is a citizen of Florida. And, the response states that South Beach Tristar, LLC is a citizen of Florida, but it does not properly list the members of the LLC and their respective citizenships.

Mendoza argues that the Court does not have supplemental jurisdiction over the three FCRA counts because they arise out of a different nucleus of fact than the FLSA count. Marriott responds that, regardless of whether the Court has supplemental jurisdiction, the Court has diversity jurisdiction over the case, and that SB Tristar was fraudulently joined to defeat diversity jurisdiction.

### 2. Legal Standard

Removal from state court to federal district court is only appropriate if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a).

Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires "complete diversity of citizenship" meaning no party on either side can be citizens of the same state. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

But "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under that doctrine, where a fraudulently joined party defeats diversity jurisdiction, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)).

The defendant, as the party invoking federal jurisdiction, bears the burden of demonstrating fraudulent joinder by clear and convincing evidence. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Henderson*, 454 F.3d at 1281. This burden is a "heavy one" and is satisfied by a showing that "there is no possibility that the plaintiff can prove a cause of action against the resident defendant." *Henderson*, 454 F.3d at 1281; *Crowe*, 113 F.3d at 1538 (holding that "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it an arguable one under state law"); *see also Triggs*, 154 F.3d at 1287 (identifying two other circumstances, not invoked here, where fraudulent joiner may be found). "This consequence makes sense given the law that 'absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination.'" *Crowe*, 113 F.3d at 1538 (quoting *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)).

Under the fraudulent joinder analysis, the Court resolves all factual allegations in a light most favorable to the plaintiff, but "only when there is an actual controversy." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (citation omitted). In doing so, Courts may consider the pleadings, affidavits and deposition transcripts submitted by the parties. *Crowe*, 113 F.3d at 1538. And, as always, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### 3. Analysis

The Defendants have not demonstrated that fraudulent joinder applies with clear and convincing evidence because it has not successfully alleged that Tristar is a citizen of Florida. The Plaintiff cannot have fraudulently joined Tristar to defeat diversity jurisdiction if Tristar is not a citizen of Florida. South Beach

Tristar, LLC is a limited liability company. In the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list all the members of the limited liability company along with each member's citizenship. *Id.*

Here, the Defendants' notice of removal does not list the members and their respective citizenships as required by the Eleventh Circuit. (Notice of Removal, ECF No. 1.) And, the Defendants' response to the motion to remand does not list the members of the limited liability company and their respective citizenships. (Resp., ECF No. 15.) David Edelstein's affidavit, which is attached to the Defendants' response to Mendoza's motion for remand, alleges that Tristar is a "Florida limited liability company." (ECF No. 13-1 at ¶ 3.) But, it does not list the members of the limited liability company and the citizenships of those members. Indeed, the articles of organization attached to Edelstein's affidavit list David Edelstein as the managing member, and he has a New York address (which may mean he is domiciled in New York). (ECF No. 1-3 at 4-5.) The articles do not specify whether David Edelstein is the only member of the LLC, where Edelstein is domiciled, whether there are other members of the LLC, and whether those members are citizens of Florida or some other state. (*Id.*) In sum, the Defendants have not sufficiently alleged that Tristar is a Florida LLC joined only to fraudulently destroy this Court's diversity jurisdiction, nor have they sufficiently alleged that the parties are completely diverse. Therefore, the Court cannot conclude that the Defendants carried their "heavy burden" to show that Tristar was fraudulently joined to defeat diversity jurisdiction.

Moreover, the Court agrees with Mendoza that the FCRA claims do not arise out of the same nucleus of fact as the FLSA claim, and therefore, this Court cannot exercise supplemental jurisdiction over the FCRA claims. As this Court does not have independent jurisdiction over the FCRA state claim, the Court's exercise of jurisdiction depends on whether the claim is "part of the same case or controversy" for supplemental jurisdiction. 28 U.S.C. § 1367(a). The test to determine if supplemental jurisdiction is proper "is whether the claims asserted 'derive from a common nucleus of operative fact.' We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattohoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

The FCRA claims do not arise out of a common nucleus of operative facts in relation to the overtime wages claim. The FLSA claim alleges that Mendoza was underpaid by his employers, whereas the FCRA state law claim deals with discrimination, hostile work environment, and retaliation on the basis of the Plaintiff's disability.  These claims do not involve the same or similar evidence or facts, and therefore do not arise out of the same nucleus of fact. *See Hammett v. Bellsouth Telecommunications, LLC*, 2018 WL 7823784 (S.D. Fla. Oct. 16, 2018) (Dimitrouleas, J.) (remanding FCRA claims because they did not arise out of the same nucleus of fact as the FLSA claim). Notably, the Defendants do not argue in their response that this Court has supplemental jurisdiction over the FCRA claims.

### 4. Conclusion

In sum, the Court **grants** the Plaintiff's motion for remand (**ECF No. 4**). Counts one, two, and three are **remanded** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk is directed to take all necessary steps to ensure that counts one, two, and three are remanded. This Court has jurisdiction over count four, and therefore, this case may proceed to adjudicate count four.

**Done and ordered** at Miami, Florida, on April 27, 2020.

_____
Robert N. Scola, Jr.
United States District Judge